UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LEON D. ROGERS | * | CIVIL ACTION NO.   10-1662 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| WAL-MART LOUISIANA, L.L.C. | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

On June 15, 2012, the court observed that plaintiff's counsel, Arthur Gilmore, Jr., had been suspended from the practice of law in the United States District Court for the Western District of Louisiana.  (June 15, 2012, Order [doc. # 27]).  In the same order, the court allotted plaintiff Leon Rogers 30 days to enroll new counsel, or to notify the court in writing that he intended to represent himself.  *Id*.  The court cautioned plaintiff that if he failed to so comply, then he risked dismissal of his complaint.  *Id*.

After plaintiff failed to comply with the court's June 15 order, the undersigned recommended that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (Aug. 6, 2012, Report and Recommendation [doc. # 30]).  Three days later, however, plaintiff filed a motion requesting an  extension of time to retain an attorney.  [doc. # 31].

Under the circumstances, the court granted plaintiff's motion and withdrew the August 6, 2012, Report and Recommendation.  (Aug. 21, 2012, Order [doc. # 32]).  In the same order, the undersigned ordered plaintiff by September 19, 2012, either to enroll new counsel on his behalf, or to file a written statement with the court declaring that he wishes to proceed pro se.  *Id*.  The court cautioned plaintiff that if he failed to timely effect one of the foregoing options, then

dismissal may ensue. *Id*.

To date, however, plaintiff neither has complied with the court's latest order, nor filed a motion for extension of time to effect compliance.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. Plaintiff has ignored multiple court orders. Furthermore, dismissal of the case may be the least sanction where, as here, plaintiff's commitment to the successful prosecution of this matter is, at best, questionable. Finally, plaintiff's unrepentant flaunting of court orders[1] reflects his own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to him.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED with prejudice** in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[1] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[2] *See Millan, supra*.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 27th day of September 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE